IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Parental Rights to | ) | No. 34771-1-III |
| | ) | |
| E.J.E.G. | ) | |
| | ) | UNPUBLISHED OPINION |
| | ) | |
| | ) | |
| | ) | |

PENNELL, J. — J.G. appeals the trial court's order terminating his parental rights to his infant son, contending the court erred in finding the Department of Social and Health Services expressly, understandably, and timely offered all necessary services, specifically a neuropsychological evaluation. We affirm.

FACTS

J.G.'s son, E.J.E.G., was born at less than 30 weeks gestation with serious medical issues.[1] In January 2015, the Department filed a dependency petition. After a contested fact-finding hearing, the court found J.G.'s son to be dependent and entered a corresponding order in June 2015. In relevant part, the court ordered J.G.'s immediate participation in a neuropsychological evaluation.

---

[1] The mother of J.G.'s son passed away during the pendency of this matter and is not a part of this appeal.

Social worker Kathy Bennett referred J.G. to Dr. Scott Mabee for a neuropsychological evaluation on January 12, 2016.[2] An initial appointment was scheduled for February 2, but J.G. did not show up and did not attempt to reschedule. On March 9, 2016, a second social worker, Judy Warren, re-referred J.G. to Dr. Mabee for the neuropsychological evaluation. In response to this, J.G. let Ms. Warren know he refused to see Dr. Mabee and would only see a Dr. Smock at Spokane Psychiatry or go to Eastern State Hospital for the evaluation. Ms. Warren contacted Spokane Psychiatry and learned it was not contracted with the Department and did not want to contract with the Department. And because J.G. was not a patient at Eastern State Hospital, that likewise was not an option. Ms. Warren then contacted Neuroeducation Spokane, who agreed to conduct the evaluation. Ms. Warren sent J.G. a letter on March 16, 2016, asking him to contact her if he was willing to be evaluated by that institution. J.G. did not follow up and no evaluation ever occurred.

J.G. failed to appear at the termination trial regarding his son. The proceedings went forward without him and the court heard from two social workers and various

---

[2] In its briefing, the Department contends this referral was made in January 2015. *See* Br. of Resp't at 5. There is confirmation several times in the record that the referral for a neuropsychological evaluation with Dr. Mabee initially occurred in January 2016. *See* Report of Proceedings (Aug. 22, 2016) at 30, 46, 145.

2

service providers. In general, the witnesses testified that J.G. was resistant to services and hostile to the Department. Evidence was also presented that J.G. carries a mental health diagnosis of a personality disorder not otherwise specified, with combined narcissistic and antisocial personality traits. This diagnosis manifests itself in an attitude of "I'm special" and "the rules don't apply [to me]." Report of Proceedings (Aug. 22, 2016) at 183-84. Based on this diagnosis, one of J.G.'s prior service providers, clinical psychologist Dr. Sean Smitham, expressed concern that J.G. would not be able to follow the recommendations from the providers because J.G. believes he knows best and is the victim in this situation. Dr. Smitham felt it was unlikely J.G. would benefit from any services because J.G. did not want to acknowledge any deficits, would resort to anger and agitation when someone disagreed with him, and lacked the ability to take an objective look at his behavior.

The court terminated J.G.'s parental rights to his son, stating J.G. was unwilling to make the changes needed to meet his son's emotional, physical, mental, and developmental needs. J.G. appeals.

## ANALYSIS

J.G.'s argument on appeal is that the Department failed to offer him a neuropsychological evaluation in a timely manner. He points to the six-month delay

3

between the court's initial order requiring an immediate evaluation and the date when a referral was ultimately made. While J.G.'s arguments regarding the existence of a delay are persuasive,[3] his request for relief ultimately fails as he cannot establish prejudice.

At a proceeding terminating parental rights, the Department is tasked with proving by clear, cogent and convincing evidence that it has offered a parent all reasonably available services capable of addressing parenting deficiencies within the foreseeable future. RCW 13.34.180(1)(d), .190(1)(a)(i). But the Department is not obliged to prove it offered services that would have been futile. *In re Dependency of T.R.*, 108 Wn. App. 149, 162-63, 29 P.3d 1275 (2001). This is true even if the Department's failure to provide a particular service is inexcusable. *Id.* at 164. If the record clearly supports a conclusion that a given service would not have remedied a parent's deficiencies in the foreseeable future, "the trial court can make a finding that the Department has offered all reasonable services." *In re Welfare of M.R.H.*, 145 Wn. App. 10, 25, 188 P.3d 510 (2008).

The record here overwhelmingly supports a finding of futility. J.G. repeatedly refused to pursue neuropsychological evaluation referrals offered by the Department.

---

[3] As set forth above, the record does not support the Department's claim that a referral was made in January 2015.

There is no evidence suggesting J.G.'s responsiveness would have been better had he been offered services earlier. To the contrary, J.G has, for years, demonstrated an unwillingness to recognize his parental deficiencies and to consistently work with professionals to address the parenting problems identified by social workers and the court. The trial court had substantial evidence to find the Department established the requirements for termination under RCW 13.34.180(1).

## CONCLUSION

The order terminating J.G.'s parental rights to E.J.E.G. is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____          _____
Fearing, C.J.                              Korsmo, J.

5